IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLAY C. KEYS, <br> # 22458-017, <br><br> Plaintiff, <br> vs. <br><br> CHRISTOPHER RIVERS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 3:23-CV-392-G-BH <br> ) <br> ) <br> ) <br> ) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On February 21, 2023, a *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241* was received from the *pro se* prisoner plaintiff. (*See* doc. 3.) By *Notice of Deficiency and Order* dated February 24, 2023, he was notified that because he was challenging the conditions of his confinement, the filing was properly construed as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* doc. 5.) He was notified that he had not filed his complaint on the proper form for a civil rights lawsuit, and that he had neither paid the filing fee for a civil rights lawsuit or filed a motion for leave to proceed *in forma pauperis* (IFP). (*See id.*) He was ordered to file an amended complaint on the proper form within thirty days and either pay the full filing fee or submit an IFP application with the required certificate of inmate trust account within thirty days, and he was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See*

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

*id.*)

On March 2, 2023, a filing fee of $5.00, which is the filing fee for a habeas action, was received from the plaintiff. By order dated March 3, 2023, he was again advised that his initial filing was properly construed as a civil rights action because it challenged the conditions of his confinement, and that he must either pay the full filing fee or submit an IFP application with the required certificate of inmate trust account within thirty days. (*See* doc. 7.) He was again specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) The $5.00 filing fee for a habeas case was also ordered to be returned to him. (*See id.*)

Well more than thirty days from the date of the second order have passed, but the plaintiff has not filed an amended complaint and either paid the filing fee or submitted an IFP application on the correct form with the required certificate of inmate trust account, and he has not filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Here, the plaintiff has not submitted an amended complaint and either paid the filing fee or filed an IFP application on the correct form with the required certificate of inmate trust account as ordered, despite a warning that failure to do so could result in dismissal of the case.  He has not filed anything

else in the case. Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files an amended complaint on the correct form and either pays the filing fee or files a fully completed IFP application with the required certificate of inmate trust account within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 9th day of June, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE